UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CASSIE LAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 4:22-cv-00058 |
| | ) |
| SUNMAN-DEARBORN COMMUNITY | ) |
| SCHOOL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Cassie Laker, brings this action against Defendant, Sunman-Dearborn Community School Corporation, for unlawfully violating her rights as protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. (hereinafter "Title VII"), and Indiana Law.

## PARTIES

2. At all times relevant to this action, Laker resided within the Southern District of Indiana.

3. Defendant Sunman-Dearborn Community School Corporation is a school corporation established under Indiana law which operates schools within the Southern District of Indiana.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331; 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. § 1367.

5. Laker was an "employee" as that term is defined by the Title VII, 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" as that term is defined by Title VII, 42 U.S.C. § 2000e(b).

7. Laker exhausted her administrative remedies by filing a charge numbered 470-2022-00084 with the U.S. Equal Employment Opportunity Commission against Defendant, and receiving the appropriate notice of suit rights. Laker files the instant matter within ninety (90) days of receipt of said notice.

8. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. In June 2014, Defendant hired Plaintiff, Cassie Laker, female, as head volleyball coach at East Central High School.

10. Laker's work performance met or exceeded the Defendant's legitimate expectations at all relevant times.

11. In or about July 2021, a Junior volleyball player suffered an injury and was unable to practice with the team.

12. Per rules of the Indiana High School Athletic Association, Inc. ("IHSAA") requiring that students who fail to attend and actively participate in practices to be eligible for interschool athletic competitions, Laker told the student and her parents that she was not eligible to participate in games until September 2, after what would have been her tenth practice.

13. The student's father, Dearborn County Superior Court Judge Jon Cleary protested the decision to Defendant's Athletic Director, his brother-in-law Don Stonefield.

14. The IHSAA has the authority to suspend or revoke the accreditation of a coach who's conduct is anathema to its rules.

15. Defendant overruled Laker, permitting the student to play.

16. Defendant suspended Laker from attending the game on August 31, pending an investigation.

17. On September 1, 2021, Defendant terminated Laker, purportedly for sending an unprofessional email and texting her players.

18. Defendant has treated similarly-situated male employees and/or employees who did not refuse to perform unlawful behavior more favorably.

19. Laker has been harmed by Defendant's unlawful actions, including but not limited to, financial loss, embarrassment, humiliation, and emotional distress.

## LEGAL ALLEGATIONS
### Count I: Sex Discrimination

20. Laker hereby incorporates paragraphs one (1) through nineteen (19) of her Complaint.

21. Defendant took adverse employment actions against Laker because of her sex.

22. Similarly-situated male individuals have been treated more favorably by Defendant and have not been subject to the same adverse employment actions as Laker.

23. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Laker's rights as protected by Title VII.

## Count II: *McClanahan* Action

24. Laker hereby incorporates paragraphs one (1) through twenty-three (23) of this Complaint, as if the same were set forth at length herein.

25. The behavior that Defendant wanted Laker to engage in is in violation of law.

26. Defendant terminated Laker in retaliation for her refusal to engage in behavior that was in violation of law and that would have subjected her to criminal and/or civil penalties.

27. As a result of Defendant's unlawful actions, Laker has suffered damages.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Cassie Laker, respectfully requests that this Court enter judgment in her favor and provide her the following relief:

1. Reinstatement to her prior position, salary, seniority, and benefits, or pay front pay in lieu of reinstatement;

2. Enjoin Defendant from future violations of Title VII;

3. All lost wages, benefits, compensation, and monetary loss suffered as a result of Defendant's unlawful actions;

4. Compensatory, consequential, and punitive damages;

5. All attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

6. Pre- and post-judgment interest on all sums recoverable; and

7. All other legal and/or equitable relief to which she is entitled.

Respectfully submitted,

John H. Haskin (7576-49)
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
E-Mail: jhaskin@jhaskinlaw.com
E-Mail: plogan@jhaskinlaw.com
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Comes now the Plaintiff, Cassie Laker, by counsel, and demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

John H. Haskin (7576-49)
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
E-Mail: jhaskin@jhaskinlaw.com
E-Mail: plogan@jhaskinlaw.com
Attorneys for Plaintiff